UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


B.N. BARRIOS & SONS, LLC ET AL.                    CIVIL ACTION

VERSUS                                             NO. 09-4393 c/w
                                                   09-6862, 09-7461

CHERAMIE HOLDINGS, LLC ET AL                       SECTION "A" (2)


### ORDER ON MOTIONS


APPEARANCES:   None (on the briefs)

MOTION:        (1) Defendant's Motion for Leave, Record Doc. No. 51;
               (2) Claimant's Motion to Quash Subpoena, Record Doc. No. 47

O R D E R E D:

 (1) :  GRANTED. Local Rule 7.5E of the Eastern District of Louisiana requires that
memoranda in opposition to a motion be filed AND a copy be delivered to chambers
eight days prior to the date set for hearing of the motion.  No memorandum in opposition
to the motion of defendant Marquette Transportation Company Offshore LLC to assert
a third-party demand against claimant Roger Toups, set for hearing on October 27, 2010
without oral argument, has been timely submitted.  Accordingly, this motion is deemed
to be unopposed.  Further, it appears to the court that the motion has merit, since Roger
Toups is already a party to these consolidated cases, the motion was timely filed by the
court's previously set deadline, Record Doc. No. 38, ample time returns on the court's
current schedule for Toups to prepare his response to this claim, so that no undue
prejudice occurs.  Accordingly, the motion is GRANTED.

 (2) : GRANTED. While some financial information, including, for example, plaintiff's
tax returns or other income records and foreclosure or other home/vehicle repossession
materials, may be relevant and discoverable in connection with Toups' damages claims,
this subpoena, which seeks every kind of bank record imaginable, is overly broad and
includes much that is irrelevant. I find that discovery relevant to plaintiff's damages

claims, including his income and any alleged loss of his home and/or truck caused by the subject incident, can be obtained from other sources in a more convenient, less broadly sweeping manner, Fed. R. Civ. P. 26(b)(2)(c)(i), and that the breadth and burden of this subpoena outweighs its likely benefit, considering all factors set forth in Fed. R. Civ. P. 26 (b)(2)(c)(iii). This subpoena is QUASHED. Counsel are directed to confer in good faith to determine whether a more narrowly drawn subpoena, with production made subject to an appropriate protective order, may be issued without objection.

New Orleans, Louisiana, this ___27th___ day of October, 2010.


_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE